IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO ROMANO and GINA ROMANO, husband and wife, | : |
| | : |
| Plaintiffs | : |
| v. | : Civil Action No. |
| | : |
| WOODLOCH PINES RESORT, aka, d/b/a WOODLOCH PINES; WOODLOCH PINES, INC.; and WOODLOCH HOSPITALITY CORPORATION, | : |
| | : |
| Defendants | : |

## COMPLAINT

The Plaintiffs, Mario Romano and Gina Romano, his wife, by and through their attorneys, Dougherty, Leventhal & Price, LLP, complain against the above-named Defendants as follows:

## BACKGROUND

1. The Plaintiffs, Mario Romano and Gina Romano, husband and wife, are adult and competent individuals currently residing at 14 Rivers Edge, Colts Neck, NJ 07722.

2. The Defendant, Woodloch Pines Resort, aka, d/b/a Woodloch Pines (hereinafter collectively "Woodloch"), is a Pennsylvania Corporation whose principle place of business is believed to be RR 1 Box 280, Hawley, Pennsylvania 18428.

3. The Defendant, Woodloch Pines, Inc. (hereinafter collectively "Woodloch"), is a Pennsylvania Corporation whose principle place of business is believed to be RR1 Box 280, Hawley, Pennsylvania, 18428.

4. The Defendant, Woodloch Hospitality Corporation (hereinafter collectively "Woodloch"), is a Pennsylvania Corporation whose principle place of business is believed to be

RR1 Box 80, Hawley, Pennsylvania 18428.

## JURISDICTION

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this civil action involves a controversy between entities and/or citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## INCIDENT OF JANUARY 15, 2012

6. On the evening of January 15, 2012, at approximately 9:00 PM, Mario Romano was a business invitee at the Defendants' resort and participated in a snow tubing activity that was hosted by the Defendants on their property.

7. At all material times, Woodloch employees were supervising and operating the snow tubing activity at the top of the tubing run.

8. On the above date and time, Mario Romano walked to the top of the tubing run and was handed a snow tube by a Woodloch employee and rode the tube down the snow tubing hill in an appropriate manner.

9. While Mario Romano was riding the tube down the snow tubing hill in an appropriate manner, Mario encountered a protective berm at the end of the run that was built, installed and/or maintained by Woodloch for the purpose of stopping snow tubers from proceeding down the hill into an unmaintained, concrete and rocky area.

10. As Mario Romano was riding the snow tube down the run, the condition of the snow tubing run caused Mario Romano to travel at a dangerous speed which propelled him over the protective berm several feet into the air causing him to land on the other side of the berm on top of a concrete, rocky and unmaintained area, thereby resulting in severe and permanent injuries more fully described below.

**COUNT I**

**MARIO ROMANO V. WOODLOCH PINES RESORT, aka, d/b/a WOODLOCH PINES, WOODLOCH PINES, INC.; and WOODLOCH HOSPITALITY CORPORATION**

11. Plaintiff incorporates paragraphs 1 through 10 above as fully as if the same were set forth at length herein.

12. At the time of the incident, the Plaintiff was a business invitee of the Defendants Woodloch, and therefore, was owed the highest duty of care by the Defendants.

13. Woodloch was negligent in the operation, maintenance and control of its property in such a manner as to create an unreasonably dangerous condition, particularly operating the snow tubing run when the weather conditions were too cold and icy and without a large enough protective berm to prevent snow tube riders from being launched over the protective berm down onto a concrete, rocky and unmaintained area below.

14. The careless and negligent conduct of Woodloch further consist of the following:

a. failing to maintain the premises in a safe manner for patrons;

b. failing to construct, install and/or maintain a protective berm high enough to prevent snow tube riders from being launched over the protective berm several feet in the air onto a concrete, rocky and unmaintained area on the other side of the berm;

c. failing to construct, install and/or maintain a protective berm high enough to safely redirect, slow, stop or otherwise prevent snow tube riders from being launched over the berm and off of their snow tube;

d. constructing, installing and/or maintaining a snow tubing run too steep and too fast for the protective berm utilized;

e. constructing, installing and/or maintaining a snow tubing run with an elevated launch

platform causing snow tubers to travel at a speed greater than is safe for the size of the protective berm that was constructed, installed and maintained by Woodloch;

      f.  failing to warn Plaintiff that the cold weather conditions created a snow tubing run that was icy and too dangerous to utilize prior to providing Mr. Romano with a snow tube to make his first run down the snow tubing hill;

      g.  failing to require snow tube users to wear protective gear and/or failing to provide protective gear for snow tube users when Woodloch knew or should have known that the snow tubing run was too steep and too fast for the inadequate protective berm;

      h.  failing to provide a safe landing area behind the protective berm in the event that someone would travel over the protective berm when Woodloch knew or should have known that protective berm was too small to adequately slow and/or stop the snow tube users;

      i.  failing to close the snow tube area due to the cold and icy conditions of the snow tube run when Woodloch knew or should have known of those conditions;

      j.  disregarding the rights and safety of the Plaintiff and other business invitees on its property;

      k.  having actual or constructive notice and awareness of the dangerous and defective conditions of the snow tube run, particularly the length of the run, grade of the run, conditions of the run and the inadequate size of the protective berm, all of which were created by Woodloch;

      l.  failing to place and maintain some type of material at the end of the run to slow down snow tube users as they approached the inadequately sized protective berm;

      m.  failing to adequately control and maintain the snow tube activity so as to prevent the injuries sustained by the Plaintiff; and

      n.  failing to adequately train the snow tubing attendants/employees to identify icy

conditions of the snow tubing run so that they would close the run to prevent injuries to patrons.

15. As a direct and proximate result of the above conduct on the part of Woodloch, Plaintiff Mario Romano suffered severe and serious personal injuries including, but not limited to, the following:

    a. closed head injury with loss of consciousness;

    b. post concussion syndrome with vomiting, dizziness, vertigo and headaches;

    c. fractured sternum;

    d. traumatic injuries to the left and right shoulders including tears of the rotator cuff and labrum, therefore requiring surgical repair to both shoulders;

    e. radicular symptomology to the right and left shoulders, arms and hands;

    f. injuries to his left jaw including fractures of existing veneer teeth number 9, 10 and 11 requiring both temporary and permanent restorations;

    g. advanced arthritic changes in both shoulders creating the potential need for future shoulder replacement surgery;

    h. right hand pain;

    i. injury to the cervical spine; and

    j. contusions and abrasions to several areas of his body.

16. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano has been forced to undergo medical treatment for the injuries sustained and will need to undergo future medical treatment for those injuries.

17. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano has incurred out of pocket medical expenses and unpaid medical expenses, and he will continue to incur medical expenses for medical treatment for an indefinite time period into the future.

18. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano may incur a subrogation lien from his health insurance carrier for past and future medical treatment for accident related injuries, and a claim for any and all past and future medical liens is hereby made.

19. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano has suffered severe physical and emotional pain and suffering, and he will continue to suffer with severe emotional and physical pain and suffering for an indefinite time period into the future.

20. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano has suffered a loss of life's enjoyments, and he will continue to suffer a loss of life's enjoyments for an indefinite time into the future.

21. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano has sustained severe and permanent scarring and disfigurement.

22. As a result of the carelessness and negligence of Woodloch, Plaintiff Mario Romano may sustain a loss of future earning capacity.

WHEREFORE, Plaintiff Mario Romano demands judgment in his favor and against the Defendants, Woodloch Pines Resort, aka, d/b/a Woodloch Pines, Woodloch Pines, Inc. and Woodloch Hospitality Corporation, in an amount in excess of $75,000 plus interest and costs.

## COUNT II

### GINA ROMANO V. WOODLOCH PINES RESORT, aka, d/b/a WOODLOCH PINES, WOODLOCH PINES, INC.; and WOODLOCH HOSPITALITY CORPORATION

23. Plaintiff incorporates paragraphs 1 through 22 above as fully as if the same were set forth at length herein.

24. Solely as a result of the injuries sustained by her husband, Mario Romano, in the

Case 3:13-cv-02933-JMM Document 1 Filed 12/05/13 Page 7 of 7

subject incident, Plaintiff Gina Romano has been deprived of the care, comfort, assistance and consortium of her husband, and she may and probably will be deprived of all of the same for an indefinite time into the future.

WHEREFORE, Plaintiff Gina Romano demands judgment in her favor and against the Defendants, Woodloch Pines Resort, aka, d/b/a Woodloch Pines, Woodloch Pines, Inc. and Woodloch Hospitality Corporation, in an amount in excess of $75,000 plus interest and costs.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, LLP

__David S. Smacchi /s/_____
DAVID S. SMACCHI, ESQUIRE
Attorney ID No.: 84276
459 Wyoming Ave.
Kingston, PA 18704
570-288-1427

Counsel for the Plaintiffs